IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYLVIA A. CLOUSER, | ) | |
| | ) | CIVIL ACTION NO. 3:15-33 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| GOLDEN GATE NATIONAL SENIOR | ) | |
| CARE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

## I.     Introduction

Before the Court in this matter is a motion to compel full and complete responses to Plaintiff's discovery requests.  (ECF No. 66.)  This matter has been fully briefed (*see* ECF Nos. 66, 67) and is ripe for disposition.  For the reasons that follow, Plaintiff's motion to compel will be **GRANTED in part and DENIED in part**.

## II.     Jurisdiction and Venue

The Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  Venue is proper pursuant to 28 U.S.C. § 1391.

## III.     Background

Plaintiff initiated the instant action by filing a complaint in the Court of Common Pleas of Blair County, Pennsylvania, on January 12, 2015.  (*See* ECF No. 1-2.)  Defendants removed the action to this Court on February 5, 2015.  (ECF No. 1.)  The Court notes that this case appears to be one of a number of similarly situated actions arising in federal

courts in Pennsylvania. The following facts are alleged in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motion.

On or about April 8, 2011, Plaintiff's decedent, John J. Clouser, was admitted as a resident at the Golden Living Center-Hillview skilled nursing facility in Altoona, Pennsylvania, for his mobility issues and advancing Alzheimer's disease and dementia. (ECF No. 1-2 ¶¶ 7-8.) Although Mr. Clouser did not have skin breakdown at the time of his admission, he developed redness and irritation of the skin around his coccyx, groin, scrotum, and buttocks from August 2011 through the time of his discharge on February 17, 2013. (Id. ¶¶ 8-9.) Documentation throughout 2012 indicated that Mr. Clouser had no abnormal skin conditions, and no documentation was made concerning Mr. Clouser's incontinence. (Id. ¶¶ 10-12, 16-17.) Records from 2013 included false documentation as to Mr. Clouser's weekly skin checks, his activities of daily living, and his intake and outtake logs. (Id. ¶¶ 13-15.)

On February 17, 2013, Mr. Clouser had red blood draining from his rectum, which increased throughout the day, but his medical records did not include notations of skin breakdown. (Id. ¶¶ 18-20.) Plaintiff, who was not informed of the gravity of Mr. Clouser's condition, requested that Mr. Clouser not be transferred to Altoona Hospital until the following morning. (Id. ¶¶ 21-22.) Defendants' February 18, 2013, discharge records stated that Mr. Clouser weighed 256 pounds, had no pressure ulcers, and was suffering from internal bleeding. (Id. ¶ 23.) Altoona Hospital's admission notes from February 18, 2013, indicated that Mr. Clouser weighed 225 pounds, was septic, and was in renal failure. (Id. ¶ 24.)

When Mr. Clouser was examined on February 19, 2013, he was diagnosed with a perianal fistula and a decubitus ulcer extending from the buttocks toward the anus. (*Id.* ¶ 25.) Because Mr. Clouser's white blood count was 22.6, he was diagnosed with sepsis and underwent a debridement of the decubitus ulcer and drainage of the perirectal abscess. (*Id.* ¶¶ 26-27.) Although blood and urine cultures tested negative for infection, cultures taken from the wound revealed the growth of Proteus Mirabilis, Escherichia Coli, and Enterococcus Faecalis. (*Id.* ¶¶ 28-29.) On February 21, 2013, Mr. Clouser underwent a laparoscopic sigmoid colostomy and debridement of the perianal wound, but he remained septic. (*Id.* ¶¶ 31-32.) Mr. Clouser passed away that day. (*Id.* ¶ 32.)

In Count I of her complaint, Plaintiff asserted a wrongful death action against Defendants. (*Id.* ¶¶ 35-39.) In Count II of her complaint, Plaintiff included a survival action against Defendants. (*Id.* ¶¶ 40-42.) Alleging that Defendants' conduct was willful, wanton, negligent, and careless, Plaintiff requested punitive damages as to both of her claims. (*See id.* at 12-14.)

In response to Plaintiff's complaint, Defendants filed an amended motion to dismiss for failure to state a claim and a motion to compel arbitration. On March 23, 2016, the Court granted in part and denied in part Defendants' motions as follows: (1) Defendants' motion to compel the arbitration of Count I, Plaintiff's wrongful death claim, was denied; (2) Defendants' motion to compel the arbitration of Count II, Plaintiff's survival action claim, was granted; (3) Defendants' motion to dismiss Plaintiff's claim for punitive damages as to Count I, the wrongful death claim, was granted; and (4) Defendants' motion to dismiss Plaintiff's claim for punitive damages as to Count II, the

survival action claim, was denied.  (ECF No. 49 at 22-23.)  As a result, the only claim pending before this Court is Count I, Plaintiff's wrongful death claim.

Plaintiff filed a motion to compel full and complete responses to her discovery requests on July 20, 2016.  (ECF No. 66.)  Defendants Golden Gate National Senior Care, LLC t/d/b/a Golden Living, GGNSC Altoona Hillview GP LLC a/k/a and/or t/d/b/a Golden LivingCenter-Hillview, and GGNSC Altoona Hillview LP a/k/a and t/d/b/a Golden LivingCenter-Hillview filed a response to Plaintiff's motion on July 27, 2016. (ECF No. 67.)  This matter is now ripe for disposition.

## IV.    Applicable Law

Generally, materials that are relevant to an issue in a case are discoverable unless they are privileged.  Rule 26 explains the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1).  While the scope of discovery under the Federal Rules is broad, "this right is not unlimited and may be circumscribed."  *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).  Indeed, Rule 26(b)(1) imposes "two content-based limitations upon the scope of discovery:  privilege and relevance."  *Trask v. Olin Corp.*, No. 12-CV-340, 2014 U.S. Dist. LEXIS 28362, at *40 (W.D. Pa. 2014).

Even relevant discovery may be limited by a court "if the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues." *Id*. at *41 (citing FED. R. CIV. P. 26(b)(2)(C)). "In evaluating whether a party is entitled to discovery, the trial court should not simply rule on some categorical imperative, but should consider all the circumstances of the pending action." *Id*. at *44.

IV.     **Discussion**

Initially, the Court notes that the parties have agreed to conduct discovery in connection with the survival and wrongful death claims simultaneously. (ECF No. 57 at 7.) The parties filed their joint scheduling order on June 8, 2016, and agreed that discovery will be completed by October 14, 2016. (ECF No. 59 at 2.)

Plaintiff states that she served interrogatories and requests for production of documents on Defendant on May 26, 2015, to which Defendants responded on July 8, 2015. (ECF No. 66 at 1.) Following a lengthy postponement in this matter (*see* ECF Nos. 45, 49), Plaintiff sent Defendants a letter on July 5, 2016, and requested that Defendants supplement their responses, (ECF No. 66 at 2). On or about July 11, 2015, Defendants responded but did not state whether they would supplement their responses and indicated that they would not be available for depositions until October 2016. (*Id*.) Plaintiff then discusses the interrogatories and requests for production of documents to

which Defendants allegedly did not adequately respond.  (*Id.* at 3-16.)  The Court will

separately address Plaintiff's interrogatories and requests for production of documents.

### A.    Plaintiff's Interrogatories

Plaintiff seeks supplemental responses to Interrogatory Nos. 8, 9, 10, and 13.  (*Id.* at

3-5.)  The Court will separately address Plaintiff's interrogatories.

#### 1.    Interrogatory No. 8

In Interrogatory No. 8, Plaintiff requests that Defendant identify all direct

caregivers who cared for Mr. Clouser while he was a resident at the Golden Living

Center-Hillview skilled nursing facility.  (*Id.* at 3.)  She further requests that Defendants

"state whether each individual provided any care or services to [Mr. Clouser]" and to

"state whether each individual is currently [Defendants'] employee."  (*Id.*)  Plaintiff states

that she narrowed the scope of her request on July 5, 2016, by enclosing pages from the

medical chart with highlighted signatures and/or initials and requesting that Defendants

identify the individuals.  (*Id.*; *see also* ECF No. 66-1 at 1.)  Plaintiff argues that Defendants'

response, which directs Plaintiff to payroll and staffing documentation, is not responsive

because the 2,314 pages of payroll documents do not identify Mr. Clouser's direct

caregivers and do not indicate which individuals are currently employed by Defendants.

(ECF No. 66 at 3-4.)

In response, Defendants state that within fourteen days, they will produce a

supplemental response to Interrogatory No. 8 that identifies Mr. Clouser's wound care

nurses during the time period of January 1, 2012, through February 18, 2013, identifies

each of the caregivers who signed or initialed the highlighted portions of the medical

chart, and includes the last known address and telephone number of each caregiver who is no longer employed by Defendants. (ECF No. 67 at 3.) Because Defendants' supplemental response will provide Plaintiff with the information that she seeks, the Court finds that it need not further address Interrogatory No. 8. Accordingly, Plaintiff's motion to compel Interrogatory No. 8 will be denied as moot.

### 2. Interrogatory No. 9

In Interrogatory No. 9, Plaintiff requests that Defendants identify the social security number and date of birth of each former employee who charted in Mr. Clouser's chart. (ECF No. 66 at 4.) In response, Defendants argue that Plaintiff's request is irrelevant and constitutes an unwarranted invasion of the employees' privacy. (ECF No. 67 at 3-4.)

Because Defendants will provide the name and employment status of each caregiver, along with the address and telephone number of each caregiver who is no longer employed by Defendants, (*id.* at 4), the Court finds that Plaintiff's request for the social security numbers and dates of birth of third parties is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. The Court further notes that "[f]ederal courts have been reluctant to require production of social security numbers given the sensitive nature of this private identifying information." *Tech v. United States*, No. 1:09-CV-47, 2012 U.S. Dist. LEXIS 84076, at *33 (M.D. Pa. 2012) (citing *Sheet Metal Worker's Int'l Ass'n, Local Union No. 19 v. U.S. Dep't of Veterans Affairs*, 135 F.3d 891 (3d Cir. 1998) (denying motion to compel and observing that employees have a "strong privacy interest in their social security numbers")); *see also Justiano v. G4S Secure Solutions,*

*Inc.*, No. 12-CV-1050, 2013 U.S. Dist. LEXIS 25046, at *8 n.3 (D.N.J. 2013) (stating that the plaintiff "is not asking for, nor is he entitled to, the social security numbers, birth dates, 401(k) information, etc. of third parties"). Accordingly, Plaintiff's motion to compel Interrogatory No. 9 will be denied.

### 3. Interrogatory No. 10

In Interrogatory No. 10, Plaintiff requests the name, address, telephone number, current place of employment, and current job title of any person who served as Administrator, Director of Nursing, and/or Assistant Director of Nursing during the time period when Mr. Clouser was a resident at the Golden Living Center-Hillview skilled nursing facility. (ECF No. 66 at 4.) Plaintiff states that Defendants provided the names of individuals but did not include location information for the individuals who are no longer employed by Defendants. (*Id.* at 5.)

In response, Defendants state that within fourteen days, they will produce a supplemental response to Interrogatory No. 10 that will provide each individual's employment status, along with the last known addresses and telephone numbers for the individuals who are no longer employed by Defendants. (ECF No. 67 at 5.) Because Defendants' supplemental response will provide Plaintiff with the information that she seeks, the Court finds that it need not further address Interrogatory No. 10. Accordingly, Plaintiff's motion to compel Interrogatory No. 10 will be denied as moot.

### 4. Interrogatory No. 13

In Interrogatory No. 13, Plaintiff requests the name, last known address, telephone number, current place of employment, current job title, and dates of service for each

Medical Director.  (ECF No. 66 at 5.)  Plaintiff states that Defendants provided the names of individuals but did not include location information or dates of service.  (*Id.*)

In response, Defendants state that within fourteen days, they will produce a supplemental response to Interrogatory No. 13 that will provide the dates of service, along with the last known addresses and telephone numbers for the individuals who are no longer employed by Defendants.  (ECF No. 67 at 5.)  Because Defendants' supplemental response will provide Plaintiff with the information that she seeks, the Court finds that it need not further address Interrogatory No. 13.  Accordingly, Plaintiff's motion to compel Interrogatory No. 13 will be denied as moot.

### B.      Plaintiff's Requests for Production of Documents

Plaintiff seeks to compel the production of documents pursuant to ten of her requests for the production of documents.  (ECF No. 66 at 6-16.)  The Court will separately address Plaintiff's requests for the production of documents.

### 1.      Request for Production of Documents No. 2

In her Request for Production of Documents No. 2, Plaintiff seeks copies of all reports, correspondence, memoranda, and/or any other form of communication "not included as part of the 'normal' nursing home chart.  (*Id.* at 6.)  To clarify the term "normal," Plaintiff states that she seeks "all correspondence, documents, and communications *not* contained in [Mr. Clouser's] medical chart."  (*Id.* (emphasis in original).)

In response, Defendants assert that they have already produced Mr. Clouser's "entire chart."  (ECF No. 67 at 5.)  Defendants further state that they have not withheld

any documents responsive to Plaintiff's request because Mr. Clouser's complete chart contains all records that memorialize the care or treatment provided to him. (*Id.* at 6.) The Court finds that correspondence, documents, and communications not contained in Mr. Clouser's medical chart are relevant and are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court will grant Plaintiff's motion to compel the production of documents related to Request for Production of Documents No. 2. To the extent that Defendants have not produced correspondence, documents, and communications not contained in Mr. Clouser's medical chart, Defendants shall provide such documents to Plaintiff within fourteen days.

### 2. Request for Production of Documents No. 3

In her Request for Production of Documents No. 3, Plaintiff seeks copies of all correspondence, memoranda, and/or any other form of communication from Centers for Medicare and Medicaid ("CMS"), or any other governmental body, that memorializes the per diem payment for Mr. Clouser while he was a resident at the Golden Living Center-Hillview skilled nursing facility. (ECF No. 66 at 7.) Plaintiff argues that her request is relevant because CMS was paying a per diem based upon the conditions from which Mr. Clouser was suffering. (*Id.* at 7-8.) Plaintiff further contends that because she has alleged a claim of false documentation in Mr. Clouser's medical chart, the CMS documents "are relevant to show what was reported to CMS so as to compare it with the care and treatment actually received and documented." (*Id.* at 8.)

In response, Defendants state that they are continuing their investigation to determine whether any responsive documents exist. (ECF No. 67 at 6.) Defendants state

that they will provide a supplemental response to Request for Production of Documents No. 3 within fourteen days and will produce any non-privileged documents that are responsive to Plaintiff's request. (*Id.*) Because Defendants' supplemental response will provide Plaintiff with the information that she seeks, the Court finds that it need not further address Request for Production of Documents No. 3. Accordingly, Plaintiff's motion to compel Request for Production of Documents No. 3 will be denied as moot.

### 3. Request for Production of Documents No. 4

In her Request for Production of Documents No. 4, Plaintiff seeks copies of all incident and accident reports, BE123s, and/or DQIs that were produced at Defendants' facility and that relate to and/or reference Mr. Clouser. (ECF No. 66 at 9.) In response, Defendants assert that they have already produced all reports that were responsive to Plaintiff's request. (ECF No. 67 at 7.) Defendants further state that they have not withheld any documents responsive to Plaintiff's request. (*Id.*)

The Court finds that incident and accident reports, BE123s, and/or DQIs that were produced at Defendants' facility and that relate to and/or reference Mr. Clouser are relevant and are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court will grant Plaintiff's motion to compel the production of documents related to Request for Production of Documents No. 4. To the extent that Defendants have not produced incident and accident reports, BE123s, and/or DQIs that were produced at Defendants' facility and that relate to and/or reference Mr. Clouser, Defendants shall provide such documents to Plaintiff within fourteen days.

### 4.      Request for Production of Documents No. 6

In her Request for Production of Documents No. 6, Plaintiff seeks copies of budget/cost reports prepared by Defendants for the purpose of operating their facility. (ECF No. 66 at 10.)  In response, Defendants state that they will provide a supplemental response to Request for Production of Documents No. 6 within fourteen days and will produce any cost reports that are responsive to Plaintiff's request.  (ECF No. 67 at 7.) Because Defendants' supplemental response will provide Plaintiff with the information that she seeks, the Court finds that it need not further address Request for Production of Documents No. 6.  Accordingly, Plaintiff's motion to compel Request for Production of Documents No. 6 will be denied as moot.

### 5.      Request for Production of Documents No. 14

In her Request for Production of Documents No. 14, Plaintiff seeks color copies of all weekly work schedules, employee sign-in sheets, payroll records, timecards, and/or time-sheets evincing the identity, number, or classification of any nursing personnel who worked on each unit or wing in Defendants' facility during the time period when Mr. Clouser was a resident.  (ECF No. 66 at 11.)  Plaintiff argues that Defendants' response, which included 2,314 pages of payroll documents, does not indicate the classification of the personnel who worked on each unit or wing in Defendants' facility.  (*Id.*)

In response, Defendants state that they provided payroll records, work schedules for members of the nursing staff, and punch detail reports.  (ECF No. 67 at 7.)  On January 19, 2016, Defendants requested that Plaintiff define "employee sign-in charts" because they were unaware of the existence of any such documents.  (*Id.* at 7-8.)  After noting that

Plaintiff did not respond, Defendants state that their assignment sheets may contain some of the information sought by Plaintiff. (*Id.* at 8.) However, because the assignment sheets span thousands of pages, Defendants must review and redact them to comply with privacy laws. (*Id.*)

Regarding Plaintiff's request for color copies, Defendants state that their documents, which are stored electronically, were scanned in black-and-white. (*Id.*) To produce color copies, Defendants assert that they would be required "to attempt to retrieve thousands of pages of original documents from offsite, out-of-state storage facilities, ship them to Pittsburgh, scan them in color, and then redact privacy information." (*Id.*) Defendants state that they will provide a supplemental response to Request for Production of Documents No. 14 within thirty days and will produce black-and-white copies of the redacted assignment sheets. (*Id.*) If color copies are required, Defendants request sixty days to produce their supplemental response. (*Id.* at 8-9.)

Although the definition of "employee sign-in charts" is unknown because Plaintiff failed to respond to Defendants' request, the Court concludes that Defendants' production of the assignment sheets may provide Plaintiff with the information that she seeks. Because the assignment sheets are available in black and white, the Court finds no basis upon which Defendants should be required to produce color copies of them. *See, e.g.*, *Victor v. Varano*, No. 3:11-CV-891, 2012 U.S. Dist. LEXIS 60881, at *17-18 (M.D. Pa. May 1, 2012) ("[W]e find no basis to compel Defendants to produce color photographs when they have already made black-and-white copies available."). In light of Defendants' statement that they will provide Plaintiff with black-and-white copies of the assignment

sheets within thirty days, the Court finds that it need not further address Request for Production of Documents No. 14. Accordingly, Plaintiff's motion to compel Request for Production of Documents No. 14 will be denied as moot.

### 6. Request for Production of Documents No. 15

In her Request for Production of Documents No. 15, Plaintiff seeks all daily census reports and/or records with resident activity information. (ECF No. 66 at 12.) Plaintiff states that Defendants have produced daily census reports that only detail the number of patients in the facility and the payors. (*Id.*) Plaintiff seeks acuity information, which includes nursing hours per patient, to support her claim that Defendants' facility was understaffed. (*Id.*)

In response, Defendants assert that they have already produced all daily census reports, payroll documents, and staff schedule sheets. (ECF No. 67 at 9.) Defendants further state that they have not withheld any documents responsive to Plaintiff's request. (*Id.*) The Court finds that daily census reports, records with resident activity information, and records with acuity information are relevant and are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court will grant Plaintiff's motion to compel the production of documents related to Request for Production of Documents No. 15. To the extent that Defendants have not produced daily census reports, records with resident activity information, and records with acuity information, Defendants shall provide such documents to Plaintiff within fourteen days.

### 7.     Request for Production of Documents No. 33

In her Request for Production of Documents No. 33, Plaintiff seeks copies of all documents from any licensing body, including state and federal agencies, which cite deficiencies in the maintenance or operation of Defendants' facility that occurred during the time period when Mr. Clouser was a resident.  (ECF No. 66 at 13.)  Specifically, Plaintiff requests that Defendants be compelled to produce documents responsive to her request that are not publicly available.  (*Id.*)

In response, Defendants state that the reports that Plaintiff seeks are publicly available and can be accessed online.  (ECF No. 67 at 9.)  As Plaintiff has noted, Defendant objected to her Request for Production of Documents No. 33 based upon confidentiality, but now states that the reports are publicly available.  (ECF Nos. 66 at 13; 67 at 9.)  The Court finds that the reports are relevant and are reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, the Court will grant Plaintiff's motion to compel the production of documents related to Request for Production of Documents No. 33.  To the extent that the reports are not publicly available, Defendants shall provide such documents to Plaintiff within fourteen days.

### 8.     Request for Production of Documents No. 40

In her Request for Production of Documents No. 40, Plaintiff seeks the written guidelines and/or procedure manuals for the Medical Director, Administrator, and Director of Nursing during the time period when Mr. Clouser was a resident at Defendants' facility.  (ECF No. 66 at 13.)  Plaintiff clarifies that she is seeking policy, guideline, and/or procedure manuals available to those responsible for the

implementation of the policies and procedures related to the patient care of Mr. Clouser. (*Id.* at 14.)

In response, Defendants state that they have already produced copies of their contacts with their medical directors, as well as copies of the job descriptions for the Executive Director and Director of Nursing Services. (ECF No. 67 at 9.) Defendants also assert that they have produced the table of contents of their procedures and competencies, as well as their clinical guidelines. (*Id.* at 9-10.) Defendants maintain that they have not withheld any documents responsive to Plaintiff's request. (*Id.* at 10.) The Court finds that the policy, guideline, and/or procedure manuals that were available to those responsible for the implementation of the policies and procedures related to the patient care of Mr. Clouser are relevant and are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court will grant Plaintiff's motion to compel the production of documents related to Request for Production of Documents No. 40. To the extent that Defendants have not produced the policy, guideline, and/or procedure manuals that were available to those responsible for the implementation of the policies and procedures related to the patient care of Mr. Clouser, Defendants shall provide such documents to Plaintiff within fourteen days.

### 9.      Request for Production of Documents No. 41

In her Request for Production of Documents No. 41, Plaintiff seeks color copies of all shift change reports that reference Mr. Clouser. (ECF No. 66 at 14.) In response, Defendants state that they have produced copies of their twenty-four hour nursing

reports and that they have not withheld any documents responsive to Plaintiff's request. (ECF No. 67 at 10.)

The Court finds that shift change reports that reference Mr. Clouser are relevant and are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court will grant Plaintiff's motion to compel the production of documents related to Request for Production of Documents No. 41. To the extent that Defendants have not produced shift change reports that reference Mr. Clouser, Defendants shall provide such documents to Plaintiff within fourteen days. As discussed above, Defendants need not produce color copies of the documents. *See, e.g., Victor*, 2012 U.S. Dist. LEXIS 60881, at *17-18.

### 10. Request for Production of Documents No. 49

In her Request for Production of Documents No. 49, Plaintiff seeks a full and complete copy of the EMR log file, or audit trail, related to Mr. Clouser's medical record, including the computerized printout of each time Mr. Clouser's chart was accessed on the computer, the name and title of each person accessing the chart, the date and time the chart was accessed, and which portion of the chart was accessed. (ECF No. 66 at 15.) Noting that she has alleged a claim of false documentation in Mr. Clouser's medical chart, Plaintiff contends that the audit trails are relevant because they show when key entries were made in the electronic medical records. (*Id.* at 16.)

In response, Defendants state that they are not required to maintain an audit trail. (ECF No. 67 at 10.) Defendants further contend that they do not maintain EMR log files, or audit trails, because their "medical records" are not singular documents, but are an

17

amalgamation of multiple computer programs and systems provided by different vendors. (*Id.* at 11.) Defendants state that they will provide a supplemental response to Request for Production of Documents No. 49 within fourteen days and will produce copies of the physicians' orders history report, minimum data set audit report, weights and vitals summary, assessment audit report, diagnosis audit report, and care plan reports. (*Id.*) Noting that the records are not EMR log files or audit trials, Defendants assert that they were "created by some of the vendors or systems utilized by [Defendants] which contain some of the information Plaintiff would presumably be seeking." (*Id.*) Because Defendants' supplemental response will provide Plaintiff with the information that she seeks, the Court finds that it need not further address Request for Production of Documents No. 49. Accordingly, Plaintiff's motion to compel Request for Production of Documents No. 49 will be denied as moot.

As a final matter, the Court notes that Plaintiff sent correspondence to Defendants on July 5, 2016, and requested that Defendants reconsider their discovery responses. (ECF No. 66-1 at 1-2.) On July 11, 2016, Defendants responded, stating that they would undertake a review of Plaintiff's correspondence and would respond after August 1, 2016. (ECF No. 66-2 at 1.) Although Plaintiff received Defendants' response, she nonetheless filed the instant motion to compel on July 20, 2016, well before the date on which Defendants stated they would respond. (*See* ECF Nos. 66, 66-2 (attaching Defendants' response as an exhibit to the motion to compel).)

The parties are reminded to comply with the Court's Scheduling Order entered on June 9, 2016. (ECF No. 60.) The Scheduling Order provides that: (1) "[i]n the event a

dispute arises over a discovery request, all counsel are required to confer in good faith in an effort to resolve the issue without court intervention; and (2) "[i]t shall be the obligation of the attorney for the party seeking court intervention to initiate such conference and to do so promptly." (*Id.* at 4.) Should future discovery disputes arise, the parties shall comply with the Court's procedure governing discovery disputes.

## V.     Conclusion

For the reasons set forth above, Plaintiff's motion to compel full and complete responses to her discovery requests will be granted in part and denied in part.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SYLVIA A. CLOUSER,** | ) | |
| | ) | **CIVIL ACTION NO. 3:15-33** |
| **Plaintiff,** | ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| **v.** | ) | |
| | ) | |
| **GOLDEN GATE NATIONAL SENIOR** | ) | |
| **CARE, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

**AND NOW**, this 9th day of August, 2016, upon consideration of Plaintiff's motion

to compel full and complete responses to Plaintiff's discovery requests (ECF No. 66), and

upon consideration of the parties' briefing of Plaintiff's motion (ECF Nos. 66, 67), and for

the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that

Plaintiff's motion is **GRANTED in part and DENIED in part** as follows:

(1) Plaintiff's motion to compel Defendants' response to Interrogatory No. 8 is
   **DENIED as moot** in that Defendants have agreed to produce within fourteen
   days a supplemental response to Interrogatory No. 8 that identifies Mr.
   Clouser's wound care nurses during the time period of January 1, 2012,
   through February 18, 2013, identifies each of the caregivers who signed or
   initialed the highlighted portions of the medical chart, and includes the last
   known address and telephone number of each caregiver who is no longer
   employed by Defendants.

(2) Plaintiff's motion to compel Defendants' response to Interrogatory No. 9 is
   **DENIED**.

(3) Plaintiff's motion to compel Defendants' response to Interrogatory No. 10 is **DENIED as moot** in that Defendants have agreed to produce within fourteen days a supplemental response to Interrogatory No. 10 that will provide each individual's employment status, along with the last known addresses and telephone numbers for the individuals who are no longer employed by Defendants.

(4) Plaintiff's motion to compel Defendants' response to Interrogatory No. 13 is **DENIED as moot** in that Defendants have agreed to produce within fourteen days a supplemental response to Interrogatory No. 13 that will provide the dates of service, along with the last known addresses and telephone numbers for the individuals who are no longer employed by Defendants.

(5) Plaintiff's motion to compel Defendants' response to Request for Production of Documents No. 2 is **GRANTED**. To the extent that Defendants have not produced correspondence, documents, and communications not contained in Mr. Clouser's medical chart, Defendants shall provide such documents to Plaintiff within fourteen days.

(6) Plaintiff's motion to compel Defendants' response to Request for Production of Documents No. 3 is **DENIED as moot** in that Defendants have agreed to provide within fourteen days a supplemental response to Request for Production of Documents No. 3 and to produce any non-privileged documents that are responsive to Plaintiff's request.

(7) Plaintiff's motion to compel Defendants' response to Request for Production of Documents No. 4 is **GRANTED**. To the extent that Defendants have not produced incident and accident reports, BE123s, and/or DQIs that were produced at Defendants' facility and that relate to and/or reference Mr. Clouser, Defendants shall provide such documents to Plaintiff within fourteen days.

(8) Plaintiff's motion to compel Defendants' response to Request for Production of Documents No. 6 is **DENIED as moot** in that Defendants have agreed to provide within fourteen days a supplemental response to Request for Production of Documents No. 6 and to produce any cost reports that are responsive to Plaintiff's request.

(9) Plaintiff's motion to compel Defendants' response to Request for Production of Documents No. 14 is **DENIED as moot** in that Defendants have agreed to provide within fourteen days a supplemental response to Request for Production of Documents No. 14 and to produce black-and-white copies of the redacted assignment sheets.

(10) Plaintiff's motion to compel Defendants' response to Request for Production of Documents No. 15 is **GRANTED**. To the extent that Defendants have not produced daily census reports, records with resident activity information, and records with acuity information, Defendants shall provide such documents to Plaintiff within fourteen days.

(11) Plaintiff's motion to compel Defendants' response to Request for Production of Documents No. 33 is **GRANTED**. To the extent that Defendants have not produced documents from any licensing body, including state and federal agencies, which cite deficiencies in the maintenance or operation of Defendants' facility that occurred during the time period when Mr. Clouser was a resident, and which are not publicly available, Defendants shall provide such documents to Plaintiff within fourteen days.

(12) Plaintiff's motion to compel Defendants' response to Request for Production of Documents No. 40 is **GRANTED**. To the extent that Defendants have not produced the policy, guideline, and/or procedure manuals that were available to those responsible for the implementation of the policies and procedures

related to the patient care of Mr. Clouser, Defendants shall provide such documents to Plaintiff within fourteen days.

(13) Plaintiff's motion to compel Defendants' response to Request for Production of Documents No. 41 is **GRANTED**. To the extent that Defendants have not produced shift change reports that reference Mr. Clouser, Defendants shall provide such documents to Plaintiff within fourteen days.

(14) Plaintiff's motion to compel Defendants' response to Request for Production of Documents No. 49 is **DENIED as moot** in that Defendants have agreed to provide within fourteen days a supplemental response to Request for Production of Documents No. 49 and to produce copies of the physicians' orders history report, minimum data set audit report, weights and vitals summary, assessment audit report, diagnosis audit report, and care plan reports.

**IT IS FURTHER ORDERED** that the parties shall comply with the Court's procedure governing discovery disputes, which is set forth in the Scheduling Order entered on June 9, 2016. (ECF No. 60.)

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**