# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIA A. CLOUSER, | ) |
|       Plaintiff, | ) CIVIL ACTION NO. 3:15-33 |
| v. | ) JUDGE KIM R. GIBSON |
| GOLDEN GATE NATIONAL SENIOR CARE, LLC, et al., | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

**I.      Introduction**

Before the Court in this matter is a motion to stay the trial of Plaintiff's wrongful death claim filed by Defendants Golden Gate National Senior Care, LLC t/d/b/a Golden Living, GGNSC Altoona Hillview GP LLC a/k/a and/or t/d/b/a Golden LivingCenter-Hillview, and GGNSC Altoona Hillview LP a/k/a and t/d/b/a Golden LivingCenter-Hillview.  (ECF No. 56.)  This matter has been fully briefed (*see* ECF Nos. 57, 61, 65) and is ripe for disposition.  For the reasons that follow, Defendants' motion to stay will be **DENIED**.

**II.     Jurisdiction and Venue**

The Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  Venue is proper pursuant to 28 U.S.C. § 1391.

### III. Background

Plaintiff initiated the instant action by filing a complaint in the Court of Common Pleas of Blair County, Pennsylvania, on January 12, 2015. (*See* ECF No. 1-2.) Defendants removed the action to this Court on February 5, 2015. (ECF No. 1.) The Court notes that this case appears to be one of a number of similarly situated actions arising in federal courts in Pennsylvania. The following facts are alleged in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motion.

On or about April 8, 2011, Plaintiff's decedent, John J. Clouser, was admitted as a resident at the Golden Living Center-Hillview skilled nursing facility in Altoona, Pennsylvania, for his mobility issues and advancing Alzheimer's disease and dementia. (ECF No. 1-2 ¶¶ 7-8.) Although Mr. Clouser did not have skin breakdown at the time of his admission, he developed redness and irritation of the skin around his coccyx, groin, scrotum, and buttocks from August 2011 through the time of his discharge on February 17, 2013. (*Id.* ¶¶ 8-9.) Documentation throughout 2012 indicated that Mr. Clouser had no abnormal skin conditions, and no documentation was made concerning Mr. Clouser's incontinence. (*Id.* ¶¶ 10-12, 16-17.) Records from 2013 included false documentation as to Mr. Clouser's weekly skin checks, his activities of daily living, and his intake and outtake logs. (*Id.* ¶¶ 13-15.)

On February 17, 2013, Mr. Clouser had red blood draining from his rectum, which increased throughout the day, but his medical records did not include notations of skin breakdown. (*Id.* ¶¶ 18-20.) Plaintiff, who was not informed of the gravity of Mr. Clouser's condition, requested that Mr. Clouser not be transferred to Altoona Hospital

until the following morning. (*Id.* ¶¶ 21-22.) Defendants' February 18, 2013, discharge records stated that Mr. Clouser weighed 256 pounds, had no pressure ulcers, and was suffering from internal bleeding. (*Id.* ¶ 23.) Altoona Hospital's admission notes from February 18, 2013, indicated that Mr. Clouser weighed 225 pounds, was septic, and was in renal failure. (*Id.* ¶ 24.)

When Mr. Clouser was examined on February 19, 2013, he was diagnosed with a perianal fistula and a decubitus ulcer extending from the buttocks toward the anus. (*Id.* ¶ 25.) Because Mr. Clouser's white blood count was 22.6, he was diagnosed with sepsis and underwent a debridement of the decubitus ulcer and drainage of the perirectal abscess. (*Id.* ¶¶ 26-27.) Although blood and urine cultures tested negative for infection, cultures taken from the wound revealed the growth of Proteus Mirabilis, Escherichia Coli, and Enterococcus Faecalis. (*Id.* ¶¶ 28-29.) On February 21, 2013, Mr. Clouser underwent a laparoscopic sigmoid colostomy and debridement of the perianal wound, but he remained septic. (*Id.* ¶¶ 31-32.) Mr. Clouser passed away that day. (*Id.* ¶ 32.)

In Count I of her complaint, Plaintiff asserted a wrongful death action against Defendants. (*Id.* ¶¶ 35-39.) In Count II of her complaint, Plaintiff included a survival action against Defendants. (*Id.* ¶¶ 40-42.) Alleging that Defendants' conduct was willful, wanton, negligent, and careless, Plaintiff requested punitive damages as to both of her claims. (*See id.* at 12-14.)

In response to Plaintiff's complaint, Defendants filed an amended motion to dismiss for failure to state a claim and a motion to compel arbitration. On March 23, 2016, the Court granted in part and denied in part Defendants' motions as follows: (1)

3

Defendants' motion to compel the arbitration of Count I, Plaintiff's wrongful death claim, was denied; (2) Defendants' motion to compel the arbitration of Count II, Plaintiff's survival action claim, was granted; (3) Defendants' motion to dismiss Plaintiff's claim for punitive damages as to Count I, the wrongful death claim, was granted; and (4) Defendants' motion to dismiss Plaintiff's claim for punitive damages as to Count II, the survival action claim, was denied. *Clouser v. Golden Gate Nat'l Senior Care, LLC*, No. 3:15-CV-33, 2016 U.S. Dist. LEXIS 37880, at *27 (W.D. Pa. Mar. 23, 2016). As a result, the only claim pending before this Court is Count I, Plaintiff's wrongful death claim.

**IV.    Applicable Law**

A stay is an extraordinary measure that requires a court to exercise judgment and to weigh competing interests. *See United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Commw. Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis*, 299 U.S. at 254). As such, "the power to stay an action, in non-mandatory stay cases, is firmly within the discretion of the court." *First Am. Title Ins. Co. v. Maclaren, L.L.C.*, No. 10-CV-363, 2012 U.S. Dist. LEXIS 31508, at *13 (D. Del. Mar. 9, 2012) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)).

In determining whether a stay of the litigation is appropriate, a court must balance the interests favoring a stay against the interests frustrated by a denial of a stay. *Id.* (citing

*Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). In doing so, a court should consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and whether a trial date has been set. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014). A court may also consider the length of the requested stay. *Structural Group, Inc. v. Liberty Mut. Ins. Co.*, No. 1:07-CV-1793, 2008 U.S. Dist. LEXIS 82266, at *13 (M.D. Pa. Oct. 16, 2008). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise" of the Court's discretion to issue a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

**IV.   Discussion**

Initially, the Court notes that Defendants do not oppose conducting discovery in connection with the survival and wrongful death claims simultaneously. (ECF No. 57 at 7.) After the parties were unable to prepare a joint scheduling order because they could not reach an agreement regarding whether the trial of the wrongful death claim must be stayed pending the outcome of the arbitration of the survival claim, Defendants filed the instant motion. (*See* ECF Nos. 55; 56 ¶ 9-10; 57-1.) At a status conference held on June 6, 2016, the parties agreed to file a joint scheduling order with the notation that trial dates are "To Be Determined." (ECF No. 58 at 2.) The parties further agreed to complete discovery while the Court considered Defendants' motion to stay the trial of the wrongful

5

death claim. (*Id.*) The parties filed their joint scheduling order on June 8, 2016, and agreed that discovery will be completed by October 14, 2016. (ECF No. 59 at 2.)

### A.  The Parties' Arguments

Defendants argue that a stay of the trial of Plaintiff's wrongful death claim is necessary to give complete effect to the alternative dispute resolution agreement ("ADR Agreement") that the parties signed. (ECF No. 57 at 1.) Relying upon the Federal Arbitration Act, 9 U.S.C. § 3 ("the FAA"), *Wick v. Atl. Marine, Inc.*, 605 F.2d 166 (5th Cir. 1979), and *Sibley v. Tandy Corp.*, 543 F.2d 540 (5th Cir. 1976), Defendants assert that well-settled law provides that non-arbitrable claims must be stayed pending the outcome of arbitration. (*Id.* at 4-5, 7.) Defendants also argue that because there are issues common to both the survival and wrongful death claims, permitting a jury to make findings would violate the ADR Agreement's provision requiring an arbitrator to "solely adjudicat[e]" Plaintiff's claims. (*Id.* at 6-7.)

In response, Plaintiff argues that *Wick* and *Sibley* are inapplicable because all parties in both cases were bound by an agreement to arbitrate, and the non-arbitrable claims were raised by the plaintiff who had also asserted the arbitrable claims. (ECF No. 61 at 2-5.) Relying upon *Mendez v. Puerto Rican Int'l Cos., Inc.*, 553 F.3d 709 (3d Cir. 2009), and *Berrios v. Hovic*, No. 05-CV-192, 2010 U.S. Dist. LEXIS 56772 (D.V.I. June 8, 2010), Plaintiff contends that the wrongful death beneficiaries cannot be subjected to a stay pending arbitration because they are not bound by the ADR Agreement and because they did not raise any non-arbitrable claims. (*Id.* at 5-8.)

6

Based upon preclusion by collateral estoppel, Plaintiff also argues that a stay would prejudice the wrongful death beneficiaries. (*Id.* at 8-11.) Specifically, Plaintiff states that if the arbitrator determines that Defendants were not negligent or that Defendants' negligence was not a factual cause of Plaintiff's survival damages, then Defendants will assert issue preclusion against the wrongful death beneficiaries. (*Id.* at 9.) If Defendants succeed, then the wrongful death beneficiaries would be deprived of their right to be heard by a jury. (*Id.*) Plaintiff claims that, on the contrary, if a jury finds that Defendants were negligent and if Plaintiff successfully asserts issue preclusion in arbitration, the arbitrator may still resolve the survival claim. (*Id.*) Finally, Plaintiff reiterates that the wrongful death beneficiaries were not parties to the ADR Agreement. (*Id.* at 9-11.) She therefore asserts that the ADR Agreement's provision requiring an arbitrator to solely adjudicate claims is inapplicable. (*Id.* at 9-10.)

In reply, Defendants argue that Plaintiff has improperly suggested that there are two plaintiffs in this matter — Sylvia A. Clouser and the Estate of Mr. Clouser. (ECF No. 65 at 1-3.) Because Plaintiff is the only party to this action, Defendants contend that *Wick* and *Sibley* are applicable, while Plaintiff's reliance upon *Mendez* is inapposite. (*Id.* at 2-3.) Defendants assert that a stay of Plaintiff's wrongful death claim will not deprive her of the right to a jury trial because arbitrators' findings are considered final judgments for the purposes of collateral estoppel. (*Id.* at 4-5.) Finally, Defendants contend that they will be prejudiced if Plaintiff's wrongful death claim proceeds to trial because, pursuant to the ADR Agreement and the FAA, an arbitrator must be permitted to make his or her own findings regarding all issues related to the arbitration. (*Id.* at 6.)

7

### B. The Factors Applicable to a Motion to Stay

In weighing the competing interests presented here, the Court finds that a stay of trial in the instant matter is not warranted. The Court will separately address each factor applicable to a motion to stay.

#### 1. Undue Prejudice to the Non-Moving Party

As discussed above, Plaintiff argues that the wrongful death beneficiaries may be deprived of their right to a jury trial if this matter is stayed. (ECF No. 61 at 8-11.) In response, Defendants contend that Plaintiff has inappropriately suggested that the wrongful death beneficiaries are also parties to this action. (ECF No. 65 at 1-3.)

Initially, the Court notes that the cases upon which the parties rely in support of their arguments are unpersuasive. First, Defendants' reliance upon *Wick* and *Sibley* is misplaced because neither case included a claim for wrongful death. *See Wick*, 605 F.2d at 167 (explaining that the plaintiffs had filed claims for breach of contract, fraud and deceit, negligent design and construction, breach of warranty, and replevin); *Sibley*, 543 F.2d at 541 (stating that the complaint included breach of contract claims, federal and state securities law claims, and common law fraud claims). Similarly, Plaintiff's reliance upon *Mendez* and *Berrios* is inapposite because neither case included a claim for wrongful death. *See Mendez*, 553 F.3d at 710 (explaining that the plaintiffs had filed claims for employment discrimination and retaliation); *Berrios*, 2010 U.S. Dist. LEXIS 56772, at *2 (noting that the plaintiffs had filed claims against the defendants for race-based discrimination, wrongful discharge, misrepresentation, and intentional infliction of emotional distress). Because the only claim pending before this Court is Plaintiff's claim for wrongful death, the Court

concludes that the cases upon which the parties have relied are factually distinguishable and are not binding upon the Court.

Defendants are correct that Sylvia A. Clouser is the single plaintiff in this matter. (ECF No. 65 at 1.) However, as Defendants concede, Plaintiff "wears two hats: wrongful death beneficiary and Executrix of the Estate of John J. Clouser." (*Id.*) The caption of Plaintiff's complaint identifies the plaintiff as "SYLVIA A. CLOUSER, individually and as Executrix of the Estate of John J. Clouser." (ECF No. 1-2.) Within her complaint, Plaintiff asserts her wrongful death and survival claims against Defendants as "Executrix of the Estate of John J. Clouser." (ECF No. 1-2 ¶¶ 35-42.)

As the Court explained in its decision to retain Plaintiff's wrongful death claim while dismissing Plaintiff's survival claim in favor of arbitration, "[u]nder Pennsylvania law, 'wrongful death actions are derivative of decedents' injuries but are not derivative of decedents' rights.'" *Clouser*, 2016 U.S. Dist. LEXIS 37880, at *22 (quoting *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 660 (Pa. Super. Ct. 2013)). As a result, "'state and federal courts have consistently declined to compel arbitration of wrongful death claims in these types of cases, because the beneficiaries' rights cannot be surrendered by an agreement signed only by the decedent.'" *Id.* (quoting *GGNSC Uniontown, LP v. Bauer*, No. 15-CV-231, 2015 U.S. Dist. LEXIS 170727, at *3-4 (W.D. Pa. Dec. 22, 2015)).

It is well settled that "'[a]llowing the decedent to contract away the rights of third parties who are not the beneficiaries of an arbitration agreement would indeed undo traditional contract principles and make arbitration agreements much more powerful than other agreements, solely by virtue of the fact that they concern arbitration.'" *Golden Gate*

9

*Nat'l Senior Care, LLC v. Beavens*, 123 F. Supp. 3d 619, 634 (E.D. Pa. 2015) (quoting *N. Health Facilities v. Batz*, 993 F. Supp. 2d 485, 493 (M.D. Pa. 2014)). Accordingly, "[s]ince a wrongful death action does not belong to the decedent and is not derived from the decedent's rights, a decedent may not waive a wrongful death beneficiary's right to a jury trial." *Id.* While the wrongful death beneficiaries are not separately identified in the complaint, the well-settled principles governing wrongful death beneficiaries establish that they are entitled to a jury trial. *See id.* The wrongful death beneficiaries would therefore suffer undue prejudice if the Court stayed the trial of this matter until the arbitration of Plaintiff's survival claim has been completed.

Moreover, because Plaintiff has asserted her wrongful death and survival claims against Defendants as "Executrix of the Estate of John J. Clouser" ([ECF No. 1-2 ¶¶ 35-42](#)), issue preclusion, or collateral estoppel, may apply. In Pennsylvania, issue preclusion applies where: (1) the issue presented is identical; (2) there was a final judgment on the merits; (3) the party against whom preclusion is asserted was a party or was in privity with a party to the earlier proceeding; and (4) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue. *Whiteford v. Penn Hills Municipality*, 323 Fed. Appx. 163, 166 (3d Cir. 2009) (citing *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999)).

Initially, the Court notes that Plaintiff and Defendants both state that an arbitration award may result in issue preclusion. Plaintiff states that "if the wrongful death claim is stayed . . . and the arbitrator finds negligence against [D]efendants but finds the negligence was not a factual cause of [P]laintiff's survival damages, or the

arbitrator finds no negligence, [D]efendants will undoubtedly attempt to assert issue preclusion against the wrongful death beneficiaries." (ECF No. 61 at 9.) Defendants state that "[i]t is settled law that arbitration decisions can have collateral estoppel effect." (ECF No. 65 at 4.)

In applying the factors applicable to issue preclusion, the Court first finds that the issue presented is identical. Specifically, the issue presented in Plaintiff's wrongful death and survival claims is the alleged negligence of Defendants. (*See* ECF No. 1-2 ¶¶ 33-34; *see also* ECF No. 57 at 6 (Defendants noting "the commonality of issues in the wrongful death and survival claims").) Second, if the Court grants Defendants' request to stay the trial of Plaintiff's wrongful death claim pending the outcome of the arbitration of Plaintiff's survival claim, then a final judgment on the merits of Plaintiff's survival claim will have been entered. *See, e.g.*, *Witkowski v. Welch*, 173 F.3d 192, 199 (3d Cir. 1999) ("Under Pennsylvania law, arbitration proceedings and their findings are considered final judgments for the purposes of collateral estoppel.").

Regarding the third factor, and as discussed above, Plaintiff has asserted her wrongful death and survival claims against Defendants as "Executrix of the Estate of John J. Clouser." (*Id.* ¶¶ 35-42.) Defendants would assert issue preclusion against Plaintiff as a party to the earlier arbitration. *See, e.g.*, *Estate of Smith v. Riley*, No. 15-CV-7374, 2016 U.S. Dist. LEXIS 77790, at *16-17 (D.N.J. June 15, 2016) (noting that the plaintiff was in privity with the decedent because "wrongful death beneficiaries can be said to be in privity with the decedent or successors in interest to the extent that their interests overlap with those of the decedent") (internal quotations and alterations omitted). Fourth, Plaintiff would

11

have had a full and fair opportunity to litigate her survival claim at the arbitration. Accordingly, issue preclusion may apply to the outcome reached during the arbitration of Plaintiff's survival claim.

While the Court appreciates Defendants' argument that "the use of collateral estoppel in non-jury trial settings is not at odds with a party's constitutional right to a jury trial," (ECF No. 65 at 5), the Court, in applying the first factor applicable to a motion to stay, cannot conclude that Plaintiff would not suffer any prejudice if her wrongful death claim is stayed. Even if issue preclusion did not potentially apply, Plaintiff, who is over eighty years old, (*see* ECF No. 61 at 7), will be prejudiced by a stay "because any significant delay in the case could hinder her ability to prove her claims." *Costantino v. City of Atl. City*, 2015 U.S. Dist. LEXIS 18666, at *10 (D.N.J. Feb. 17, 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) ("[D]elaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party"), *and New York v. Hill*, 528 U.S. 110, 117 (2000) ("Delay can lead to a less accurate outcome as witnesses became unavailable and memories fade.")). Accordingly, the Court finds that the first factor weighs in favor of denying Defendants' motion for a stay of the trial of Plaintiff's wrongful death claim.

### 2. Hardship or Inequity to the Moving Party

As discussed above, Defendants argue that a denial of their motion to stay would fail to give effect to the ADR Agreement and to the FAA. (ECF No. 57 at 6-7.) Specifically, Defendants note that "the ADR Agreement requires all of Plaintiff's claims to be address in a single ADR process, 'which shall adjudicate solely the claims of the Parties

named in this Agreement.'" (*Id.* at 6 (quoting ECF No. 40-4 at 2).) Defendants contend that "[i]f a jury makes a finding regarding [their] alleged negligence, and that finding is applied in the arbitration, the arbitrator no longer would be 'solely adjudicating' Plaintiff's survival claim" because "[t]he arbitrator's hands would be tied by a judicial finding." (*Id.* at 6-7.) In response, Plaintiff contends that "if [she] were permitted to proceed to trial in [the] wrongful death action, and a jury finds [D]efendants were negligent and that the negligence caused the damages [she] alleged, even if [she is] successful in asserting issue preclusion in arbitration, the arbitrator can still hear the matter." (ECF No. 61 at 9.)

Because the ADR Agreement provides that the ADR process "shall adjudicate solely the claims of the Parties named in this Agreement," (ECF No. 40-4 at 2), the Court cannot determine whether "[t]he arbitrator's hands would be tied," (ECF No. 57 at 7), by a jury's verdict. *See, e.g.*, *Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 581 (7th Cir. 2006) (finding that the court properly left the preclusion issue to the arbitrator); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007) (concluding that an arbitrator decides whether issue or claim preclusion applies). However, just as issue preclusion may apply to the outcome of arbitration, which the Court has discussed in detail above, an arbitrator could conclude that issue preclusion applies to a jury's verdict. (*See* ECF No. 40-4 at 2.) Thus, while the Court understands Plaintiff's argument that "an arbitration agreement cannot dictate what a federal court does with a case that includes parties who have not agreed to arbitrate" and that "Defendants are making an end-run at attempting to bind non-parties to an agreement which this [C]ourt has already ruled is not binding on the

13

wrongful death beneficiaries," (ECF No. 61 at 10), the Court, in applying the second factor applicable to a motion to stay, cannot conclude that Defendants would not suffer any hardship or inequity if their motion to stay is denied. Because the ADR Agreement provides that the ADR process "shall adjudicate solely" Plaintiff's survival claim, Defendants may suffer hardship or inequity if the trial regarding Plaintiff's wrongful death claim proceeds first. Accordingly, the Court finds that the second factor weighs in favor of granting Defendants' motion for a stay of the trial of Plaintiff's wrongful death claim.

### 3. Simplification of Issues

With respect to the third factor, the Court must consider "'whether a stay would simplify the issues and the trial of the case.'" *Akishev*, 23 F. Supp. 3d at 448 (quoting *Actelion Pharms., Ltd. v. Apotex Inc.*, No. 12-CV-5743, 2013 U.S. Dist. LEXIS 135524, at *15 (D.N.J. Sept. 6, 2013)). In that regard, Defendants "bear the burden of establishing that issuance of a stay would simplify the issues for trial by 'narrowing' or 'outright eliminati[ng]' the need for discovery." *Actelion Pharms., Ltd.*, 2013 U.S. Dist. LEXIS 135524, at *15 (quoting *Weisman v. Mediq, Inc.*, No. 95-CV-1831, 1995 U.S. Dist. LEXIS 5900, at *5 (E.D. Pa. May 3, 1995) (noting that "a stay is proper where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay")).

As discussed above, the parties have agreed to conduct discovery in connection with the survival and wrongful death claims simultaneously. (ECF No. 57 at 7.) Thus, the issuance of a stay will not simplify the issues for trial by narrowing or eliminating the

14

need for discovery. *See Actelion Pharms., Ltd.*, 2013 U.S. Dist. LEXIS 135524, at \*15. Accordingly, because Defendants have failed to establish that a stay will narrow or eliminate the need for discovery, the Court finds that the third factor weighs in favor of denying Defendants' motion for a stay of the trial of Plaintiff's wrongful death claim.

### 4. Status of the Litigation

With respect to the fourth factor, "the Court evaluates Defendants' motion for a stay in accordance with the scope of presently completed discovery and the scheduling of a trial date." *Akishev*, 23 F. Supp. 3d at 448.

While this factor is a "close call" because expert discovery is not complete and no trial date has been set, *see Imagevision.net, Inc. v. Internet Payment Exch., Inc.*, No. 12-CV-54, 2013 U.S. Dist. LEXIS 56943, at \*15 (D. Del. Apr. 22, 2013), the Court finds that this factor weighs slightly against a stay for two reasons. First, "[a]lthough no trial date has been set, discovery is ongoing, [and] a scheduling order has been issued, with cut off dates for discovery, including expert discovery." *Id.* at \*14-15. As discussed above, the parties have agreed to complete discovery by October 14, 2016. ([ECF No. 59 at 2.](#)) Additionally, all expert reports must be completed by January 16, 2017, and a post-discovery status conference has been scheduled for January 31, 2017. (*[Id.](#)*)

Second, "the Court and the parties have already expended significant resources on the litigation, and the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion." *Imagevision.net, Inc.*, 2013 U.S. Dist. LEXIS 56943, at \*14 (internal quotations omitted). Specifically, the Court and the parties have already expended significant resources on Defendants' motion to dismiss for

15

failure to state a claim and motion to compel arbitration; Defendants' amended motions to dismiss for failure to state a claim and motion to compel arbitration; Defendants' motion to stay the trial of Plaintiff's wrongful death claim; and Plaintiff's motion to compel full and complete responses to Plaintiff's discovery requests. (*See* ECF Nos. 5, 6, 22, 23, 31, 32, 34, 35, 37, 40, 42, 43, 48, 49, 56, 57, 61, 65, 66, 67, 68.) Accordingly, the Court finds that the fourth factor weighs in favor of denying Defendants' motion for a stay of the trial of Plaintiff's wrongful death claim. *See, e.g.*, *Sightsound Techs., LLC v. Apple, Inc.*, No. 11-CV-1292, 2013 U.S. Dist. LEXIS 79319, at *7-8 (W.D. Pa. June 6, 2013) (declining to find that the status of the litigation favored a stay because, although expert discovery was not complete and no trial date had been set, the court had devoted "significant resources" to the matter); *SoftView LLC v. Apple Inc.*, No. 10-CV-389, 2012 U.S. Dist. LEXIS 104677, at *11-12 (D. Del. July 26, 2012) (finding that the status of the litigation did not favor a stay because although the litigation remained at an "early stage," the court had expended substantial time and resources to scheduling and to resolving discovery disputes, as well as motions to sever, stay, and dismiss).

### 5. Length of the Requested Stay

Finally, the Court finds that the length of the requested stay weighs in favor of denying Defendants' motion for a stay. It is well settled that "[s]tays of indefinite duration are especially discouraged and, because they put the parties effectively out of court, any order granting such a stay is appealable." *Structural Group, Inc.*, 2008 U.S. Dist. LEXIS 82266, at *13 (internal quotations and citation omitted); *see also Dover v. Diguglielmo*, 181 F. App'x 234, 237 (3d Cir. 2006) (explaining that a stay of indefinite duration "can

itself constitute an abuse of discretion"); *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 135 (3d Cir. 2004) (noting that "an indefinite stay order that unreasonably delays a plaintiff's right to have its case heard is appealable"); *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983) ("We emphasize that *Landis* approved stays of moderate length, and not those of indefinite duration."); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983) (denying the petitioners' request for a stay of indefinite duration). Because Defendants have not indicated the duration of their requested stay, the Court concludes that the length of the requested stay weighs in favor of denying Defendants' motion for a stay of the trial of Plaintiff's wrongful death claim.

In sum, because only one factor weighs in favor of a stay, the totality of the circumstances weighs in favor of denying Defendants' motion for a stay. Thus, having examined "the circumstances of the particular case," *Nken*, 556 U.S. at 433, the Court finds in its discretion that a stay of this action pending resolution of the arbitration of Plaintiff's survival claim would be, on balance, inappropriate. The Court will therefore deny Defendants' request for a stay.

**V.    Conclusion**

For the reasons set forth above, Defendants' motion to stay the trial of Plaintiff's wrongful death claim will be denied.

An appropriate order follows.

17

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIA A. CLOUSER, | ) |
|         Plaintiff, | ) CIVIL ACTION NO. 3:15-33 |
| v. | ) JUDGE KIM R. GIBSON |
| GOLDEN GATE NATIONAL SENIOR CARE, LLC, et al., | ) |
|         Defendants. | ) |

## ORDER

AND NOW, this 9th day of August, 2016, upon consideration of Defendants' motion to stay the trial of Plaintiff's wrongful death claim (ECF No. 56), and in accordance with the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendants' motion is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall continue to comply with the deadlines set forth in the Scheduling Order entered on June 9, 2016. (ECF No. 60.)

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE