IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| SYLVIA A. CLOUSER, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:15-33 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| GOLDEN GATE NATIONAL SENIOR | ) | |
| CARE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendants' Motion for Reconsideration of Order Denying Defendants' Motion to Stay Trial of Wrongful Death Claim. (ECF No. 86.) The motion has been fully briefed (*see* ECF Nos. 8, 89, 92) and is ripe for disposition. For the reasons stated below, Defendants' motion will be **GRANTED**.

### II. Jurisdiction

The Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Venue is proper pursuant to 28 U.S.C. § 1391.

### III. Background

Plaintiff initiated this action by filing a complaint in the Court of Common Pleas of Blair County, Pennsylvania, on January 12, 2015. (*See* ECF No. 1-2.) Defendants removed the case to this Court on February 5, 2015. (ECF No. 1.)

Plaintiff sued Defendants individually and on behalf of her late husband's estate.[1] Plaintiff brought two claims against Defendants. In Count I of her complaint, Plaintiff asserted a wrongful death claim. (ECF No. 1-2 at ¶¶ 7-8.) In Count II of her complaint, Plaintiff asserted a survival claim. (*Id.* at ¶¶ 40-42.) Plaintiff sought punitive damages for both claims. (*Id.* at 12-14.)

In response to Plaintiff's action, Defendants filed an Amended Motion to Dismiss for Failure to State a Claim and a Motion to Compel Arbitration. (ECF No. 40.) This Court granted in part and denied in part Defendants' motion as follows: (1) this Court denied Defendants' Motion to Compel Arbitration of the wrongful death claim (Count I); this Court granted Defendants' Motion to Compel Arbitration of the survival claim (Count II); this Court granted Defendants' Motion to Dismiss Plaintiff's claim for punitive damages as to the wrongful death claim (Count I); and (4) this Court denied Defendants' Motion to Dismiss Plaintiff's claim for punitive damages as to the survival action (Count II). *See Clouser v. Golden Gate Nat'l Senior Care*, LLC, No. CV 3:15-33, 2016 WL 1179214, at *10 (W.D. Pa. 2016).

After this Court denied Defendants' Motion to Compel Arbitration for the wrongful death claim, Defendants filed a Motion to Stay the Trial of the Wrongful Death Claim. (ECF No. 56), which this Court denied. *See Clouser v. Golden Gate Nat'l Senior Care, LLC*, No. CV 3:15-33, 2016 WL 4254268 (W.D. Pa. 2016). Defendants now ask this Court to reconsider its denial of Defendants' Motion to Stay.

---

[1] Because this Court has repeatedly discussed the underlying facts in this case, it will not restate them here. *See Clouser v. Golden Gate Nat'l Senior Care, LLC*, No. CV 3:15-33, 2016 WL 1179214 (W.D. Pa. 2016); *Clouser v. Golden Gate Nat'l Senior Care, LLC*, No. CV 3:15-33, 2016 WL 4223755 (W.D. Pa. 2016); *Clouser v. Golden Gate Nat'l Senior Care, LLC*, No. CV 3:15-33, 2016 WL 4254268 (W.D. Pa. 2016).

2

## IV. Legal Standard

"Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Williams v. Baker*, No. 15CV0402, 2017 WL 1367374, at *1 (W.D. Pa. 2017) (internal citations omitted); *Milton v. United States Bureau of Prisons*, No. 1:13-CV-02673, 2017 WL 4012610, at *1 (M.D. Pa. 2017) (same) (internal citations omitted); *Taggart v. United States Dep't of Justice*, No. 16-CV-04040, 2017 WL 1862324, at *4 (E.D. Pa. 2017) (same) (internal citations omitted).

Motions for reconsideration afford courts the opportunity to remedy their own alleged errors; they "are not designed to provide litigants with a second bite at the apple." *U.S. ex rel. Emanuele v. Medicor Assocs.*, No. CV 10-245, 2017 WL 3675921, at *6 (W.D. Pa. 2017) (internal citations omitted); *Langston v. Hershey Med. Ctr.*, No. 1:15-CV-2027, 2016 WL 6780702, at *2 (M.D. Pa. 2016) ("A reconsideration motion should not be used to try to get a 'second bite at the apple.'") (internal citations omitted); *Taksir v. Vanguard Grp., Inc.*, No. CV 16-5713, 2017 WL 3443497, at *2 (E.D. Pa. 2017) ("Reconsideration is not permitted simply to allow a 'second bite at the apple.'") (internal citations omitted).

A court may grant a motion for reconsideration if the moving party shows: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *United States v. Banks*, 674 F. App'x 121, 124 (3d Cir. 2017), *quoting Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *DeForte v. Blocker*, No. 2:16-CV-113, 2017 WL 1862213, at *2 (W.D. Pa. 2017) (same) (internal citations omitted); *Hudson v. Dist. Attorney Ed Marsico Dauphin Cty.*, No. 1:16-CV-0640, 2017 WL 3868518, at *2 (M.D.

Pa. 2017) (same) (internal citations omitted); *Cave v. Saxon Mortg. Servs., Inc.*, No. CV 11-4586, 2017 WL 511629, at *1 (E.D. Pa. 2017) (internal citations omitted).

V.  **Discussion**

   **A. This Court's Initial Denial of Defendants' Motion to Stay the Wrongful Death Claim**

As noted above, this Court previously denied Defendants' Motion to Stay Plaintiff's wrongful death claim. To reach this decision, this Court "consider[ed] the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and whether a trial date has been set." *Clouser*, 2016 WL 4254268 at 2, *citing Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D. N.J. 2014). This Court also considered (5) the length of the requested stay. *Clouser*, 2016 WL 4254268 at 7, *citing Structural Group, Inc. v. Liberty Mut. Ins. Co.*, No. 1:07-CV-1793, 2008 WL 4616843 (M.D. Pa. 2008).

After applying the above-mentioned balancing test, this Court found that only one of the five factors—"hardship or inequity for the moving party"—weighed in favor of granting a stay. *See Clouser*, 2016 WL 4254268 at 6. The Court concluded by stating that:

> In sum, because only one factor weighs in favor of a stay, the totality of the circumstances weighs in favor of denying Defendants' motion for a stay. Thus, having examined "the circumstances of the particular case," *Nken*, 556 U.S. at 433, the Court finds in its discretion that a stay of this action pending resolution of the arbitration of Plaintiff's survival claim would be, on balance, inappropriate. The Court will therefore deny Defendants' request for a stay.

4

*Id.* at 8.

As a result of this Court's denial of Defendants' motion, Defendants were required to litigate Plaintiff's wrongful death claim before this Court while simultaneously arbitrating Plaintiff's survival claim pursuant to the arbitration agreement signed by Plaintiff's deceased husband.

**B. Defendants' Instant Request that this Court Reconsider Its Denial of Defendants' Motion to Stay the Wrongful Death Claim**

Defendants now ask this Court to reconsider its denial of Defendants' Motion to Stay Plaintiff's wrongful death claim. Defendants note that after this Court denied Defendants' motion to stay, the Pennsylvania Supreme Court decided *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490, 493 (Pa. 2016), *cert. denied*, 137 S. Ct. 1375, 197 L. Ed. 2d 555 (2017). Defendants assert that in *Taylor*, the Supreme Court of Pennsylvania held that when a Plaintiff brings both a survival claim and a wrongful death claim against nursing home defendants, the wrongful death claim must be stayed until the arbitration claim is resolved through arbitration. (ECF No. 68 at 4.) According to Defendants, *Taylor* constitutes an "intervening change in the controlling law" that requires this Court, sitting in diversity, to stay Plaintiff's wrongful death claim.

In response, Plaintiff argues that *Taylor* did not change the controlling law. (ECF No. 89 at 4.) Specifically, Plaintiff asserts that Defendants mischaracterize the holding of *Taylor*, and emphasizes that the passage that Defendants rely on is located in a footnote rather than in the main body of the opinion. (ECF No. 89 at 2-4.) This Court will address these arguments below.

"Our role in diversity cases is to apply state law as announced by the state's highest court." *LaBarre v. Bristol-Myers Squibb Co.*, 544 F. App'x 120, 125 (3d Cir. 2013), *citing Sheridan v. NGK*

*Metals Corp.*, 609 F.3d 239, 253 (3d Cir. 2010) ("A federal court under *Erie* is bound to follow state law as announced by the highest state court") (internal citations omitted).

"In the absence of a controlling decision by the Pennsylvania Supreme Court, we must predict how it would decide the questions of law presented in this case." *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 492 (3d Cir. 2015) *citing Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 45–46 (3d Cir. 2009); *Leonard v. Tractor Supply Co.*, 88 F. Supp. 3d 459, 461 (W.D. Pa. 2015) (same); *Frey v. Grumbine's RV*, No. 1:10-CV-1457, 2011 WL 685823, at *3 (M.D. Pa. 2011); *Smith v. Howmedica Osteonics Corp.*, No. CV 17-1174, 2017 WL 1508992, at *3 (E.D. Pa. 2017) (same).

"[A] federal court attempting to forecast state law must consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Smith*, 2017 WL 1508992 at *3, *citing McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 663 (3d Cir. 1980); *see Micjan v. Wal-Mart Stores, Inc.*, No. CV 14-855, 2016 WL 4141085, at *6 (W.D. Pa. 2016) (*quoting McKenna*, 622 F.2d at 633); *Duncan v. St. Paul Fire & Marine Ins. Co.*, 129 F. Supp. 2d 736, 742 (M.D. Pa. 2001) (same); *Wagner v. Kimberly-Clark Corp.*, 225 F. Supp. 3d 311, 315 (E.D. Pa. 2016) (same).

This Court agrees with Plaintiff that *Taylor*'s central holding does not concern whether a wrongful death claim must be stayed pending arbitration of the survival claim; *Taylor*'s main holding is that the Federal Arbitration Act ("FAA") preempts Pennsylvania Rule of Civil Procedure ("PRCP") 213(e), which had required that survival actions and wrongful death actions be consolidated. *Taylor*, 147 A.3d at 500. *Taylor* holds that, as a matter of law, a survival claim and a wrongful death claim must be bifurcated when doing so will give effect to an arbitration agreement that governs the survival claim. *Id.* at 507. *See also Simmons v. Simpson House, Inc.*, No.

6

CV 15-06636, 2017 WL 1376566, at *7 (E.D. Pa. 2017) (applying *Taylor* and bifurcating survival and wrongful death claims); *Personacare of Reading, Inc. v. Lengel*, No. CV 16-1965, 2017 WL 2772706, at *3 (E.D. Pa. 2017) (same).

However, this does not end the inquiry. In the absence of a clear holding from the Pennsylvania Supreme Court, this Court must "predict how [the Pennsylvania Supreme Court] would decide the questions of law presented in this case." *Wolfe*, 790 F.3d at 492. In making this prediction, this Court must consult any "reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Smith*, 2017 WL 1508992 at *3.

This Court need not look far for "reliable data tending to convincingly show" how the Pennsylvania Supreme Court would decide the pending motion. This Court agrees with Defendants that *Taylor* provides a convincing basis leading this Court to stay Plaintiff's wrongful death claim. While *Taylor*'s central holding was that the FAA preempted PRCP 213(e), the Pennsylvania Supreme Court addressed the issue of whether a wrongful death claim must be stayed while a survival claim is arbitrated pursuant to an arbitration agreement. Specifically, the Pennsylvania Supreme Court stated:

> ...once an issue has been referred to arbitration, any judicial proceeding involving that issue is stayed pending the outcome of arbitration. 42 Pa.C.S. § 7304(d). **Therefore, the survival claim arbitration will be resolved before the wrongful death action can proceed in the court of common pleas.** Thus, the court hearing the wrongful death action may account for any damages awarded in the survival arbitration and "avoid duplicate recovery" as required by Subsection 8301(a).

7

*Id.* at 510 (emphasis added). As this passage indicates, according to Pennsylvania's highest court, a wrongful death action is to be stayed while a survival action is arbitrated. Moreover, the court's assertion that duplicate damages will be avoided because the court hearing the wrongful death claim will account for any damages imposed in the survival action necessitates that the survival claim be resolved first, which in turn requires that the wrongful death action be stayed pending arbitration of the survival claim.[2]

To support her argument that *Taylor*'s statements about staying the wrongful death claim are not substantive law, Plaintiff emphasizes that the passage cited by Defendants appears in a footnote. (*See* ECF No. 89 at 2-4.) This Court is unpersuaded by this argument. Initially, whether or not the passage appears in a footnote, it is "reliable data" about how the Pennsylvania Supreme Court would likely decide the pending motion. Moreover, the fact that the Pennsylvania Supreme Court briefly referenced the stay in a footnote, and discussed the stay unequivocally and without much explanation, emphasizes the strength of the court's assumption that the wrongful death action would be stayed.

Plaintiff next argues that this Court should deny Defendants' motion to stay because *Taylor* affirmed the Pennsylvania Superior Court's holding that "an arbitration agreement signed by the decedent or his or her authorized representative is not binding upon non-signatory wrongful death beneficiaries, and they cannot be compelled to litigate their claims in arbitration." (ECF No. 89 at 3) (*citing Taylor*, 147 A.3d at 496, *quoting Taylor v. Extendicare Health Facilities, Inc.*,

---

[2] This Court notes that it could not find a single decision since *Taylor* that squarely addresses whether *Taylor* mandates a stay of a wrongful death claim pending arbitration of a survival claim. However, in the one case that this Court located that discussed the issue, the District Court stayed the state court wrongful death claim pending arbitration of the survival claim. *See Personacare of Reading, Inc. v. Lengel*, No. CV 16-1965, 2017 WL 2772706 (E.D. Pa. 2017).

8

113 A.3d 317 (Pa. Super. 2015).) This Court rejects Plaintiff's argument. Contrary to Plaintiff's assertion, staying a wrongful death claim brought by a non-signatory is not analogous to compelling that non-signatory to submit his or her claim to arbitration. Moreover, while the preclusive effects of an arbitration decision regarding a survival claim on a wrongful death claim are uncertain,[3] that question is not presently before this Court.

Finally, Plaintiff argues that the footnote cited by Defendants is not "part of the Opinion" because in the footnote the majority was merely responding to the dissent. (ECF No. 89 at 3-4.) Specifically, Plaintiff notes that the footnote states "this novel interpretation of Subsection 8301(a)

---

[3] Pennsylvania courts have not clearly addressed the question of whether arbitration of a survival claim would have a preclusive effect on a wrongful death claim being litigated in court. In *Taylor*, the Pennsylvania Supreme Court acknowledged that this issue is unresolved:

> In its decision that Rule 213(e) barred bifurcation, the Superior Court expressed concern for the wrongful death beneficiaries' constitutional right to a jury trial. We share the Superior Court's concern, which appears to derive from the potential preclusive effect of arbitration upon the wrongful death beneficiaries in the judicial proceedings, through application of the doctrine of collateral estoppel. However, the preclusive effect of an arbitration award upon judicial proceedings is not presently before this Court. Moreover, although the appellate courts of the Commonwealth have held that "a judicially confirmed private arbitration award will have collateral estoppel effect, even in favor of non-parties to the arbitration, if the arbitrator actually and necessarily decided the issue sought to be foreclosed and the party against whom estoppel is invoked had full incentive and opportunity to litigate the matter," *Frog, Switch & Mfg. Co. v. Pa. Human Relations Comm'n*, 885 A.2d 655, 661 (Pa. Cmwlth. 2005), we have not addressed this question. Notably, when the United States Supreme Court considered whether courts should resolve arbitrable pendent claims when a non-arbitrable claim is before it, in order to avoid the possible collateral estoppel effect of the arbitration proceeding in a subsequent court proceeding, the Court acknowledged that the preclusive effect of arbitration proceedings in such circumstances was not well-settled. *Dean Witter*, 470 U.S. at 222, 105 S.Ct. 1238 (observing that "[t]he full-faith-and-credit statute requires that federal courts give the same preclusive effect to a State's judicial proceedings as would the courts of the State rendering the judgment, and since arbitration is not a judicial proceeding, ... the statute does not apply to arbitration awards"); *see McDonald v. W. Branch*, 466 U.S. 284, 287–88, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) (refusing to accord an arbitration ruling collateral estoppel effect because "arbitral factfinding is generally not equivalent to judicial factfinding"); *Barrentine v. Ark.–Best Freight Sys.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981). Thus, the preclusive effect of arbitration in judicial proceedings is uncertain.

*Taylor*, 147 A.3d at 511-12.

has not been advanced by the parties in this case, is beyond the scope of our review, and is not before us." *Taylor*, 147 A.3d at 510. However, in this passage, the majority is responding to the dissent's concern that bifurcating the survival and wrongful death claims will violate 42 Pa. C.S.A § 8301 by allowing duplicate recovery. *Id.* Thus, contrary to Plaintiff's assertion, the majority does not conclude that the question of a stay is not before the court, but rather that the question of duplicative recovery is not before the court. *See Id.* Moreover, in the next paragraph of the same footnote, the Court explains that duplicate recovery will be avoided because the wrongful death claim will be stayed while the survival claim proceeds to arbitration. *Id.* Plaintiff fails to recognize that the fact that the majority was responding to the dissent when it discussed staying the wrongful death claim actually supports Defendants' argument that this Court must grant its motion for a stay; according to the majority, the dissent need not worry about duplicate recovery, because the wrongful death action will be stayed while the survival action undergoes arbitration, thus allowing the court who hears the wrongful death claim to account for any recovery previously awarded in the survival arbitration. *Id.*

## VI. Conclusion

This is one of the rare circumstances where a motion to reconsider must be granted. Based upon the reasoning and holdings in *Taylor*, this Court predicts that the Pennsylvania Supreme Court would find that, under Pennsylvania law, a wrongful death claim must be stayed pending arbitration of a related survival claim subject to an arbitration agreement. This intervening change in the controlling law requires that this Court grant Defendants' motion to reconsider.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| SYLVIA A. CLOUSER, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:15-33 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| GOLDEN GATE NATIONAL SENIOR | ) | |
| CARE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 10th day of October, 2017, upon consideration of Defendants' Motion for Reconsideration of Order Denying Defendants' Motion to Stay of Wrongful Death Claim (ECF No. 86), and in accordance with the foregoing memorandum opinion, **IT IS HEREBY ORDERED** that Defendants motion is **GRANTED**.

Accordingly, Plaintiff's wrongful death claim before this Court **IS HEREBY STAYED** pending the arbitration of her survival claim.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE